CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED
10/22/2019
JULIA C. DUDLEY, CLERK
BY: s/ J. Vasquez
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 5:19-cv-00032 |
| ) | |
| FIVE FIREARMS AND ) | By: Elizabeth K. Dillon |
| MISCELLANEOUS AMMUNITION, ) | United States District Judge |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

On April 25, 2019, the United States filed a verified complaint for forfeiture *in rem* to forfeit and condemn five firearms and miscellaneous ammunition. (*See* Compl., Dkt. No. 1.) The items were seized from Ronald Leonard Rush during the execution of a federal search warrant in December 2018. The property is currently in the custody of the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF). Rush filed a claim to the property and a *pro se* answer. (Dkt. Nos. 3, 5.) The United States moves to strike the answer and for a final order of forfeiture. (Dkt. No. 7.) For the reasons stated below, the court will grant the motion to strike but will not enter an order of forfeiture at this time. Instead, the court will grant the claimant leave to file an amended answer.

I.  BACKGROUND

The facts supporting the verified complaint are set forth in an affidavit sworn by ATF Special Agent Christian Bockmann, which the complaint incorporates by reference. (*See* Compl. ¶ 8; Bockmann Aff., Dkt. No. 1-2.) According to Bockmann, on December 7, 2018, ATF and local law enforcement executed a federal search warrant at 228 South Royal Avenue, Front Royal, Virginia, Rush's residence. (Bockmann Aff. ¶ 4.) Inside the residence, law enforcement encountered Jonathan Hodges and placed him under arrest pursuant to a federal arrest warrant for a

Federal Drug Conspiracy. (*Id.*) Law enforcement searched the residence and seized narcotics, narcotic paraphilia, firearms, and ammunition. (*Id.*) In Rush's bedroom, law enforcement located firearms, ammunition, and smoking devices. (*Id.*)

During a federal proffer interview, Hodges talked about Rush's drug use while Hodges was living at the 228 South Royal Avenue residence. (*Id.* ¶ 5.) Hodges lived at the residence with Rush from approximately the end of September 2018 until his arrest on December 7, 2018. (*Id.*) Hodges stated that Rush smoked marijuana every day and that Hodges smoked marijuana several times with Rush. (*Id.*) Hodges also stated that he gave Rush methamphetamine several times. (*Id.*) Hodges explained that Rush and Hodges' sister, Mandy Leonard, would go to Rush's bedroom and smoke methamphetamine. (*Id.*) Hodges said that he was not paying rent at the house, so the methamphetamine Hodges gave to Rush was a gift or payment for letting Hodges stay there. (*Id.*) On April 17, 2019, Hodges pleaded guilty to conspiracy to distribute and possession with intent to distribute methamphetamine. (*Id.*)

During another federal proffer interview, Rush's girlfriend, identified in Bockmann's affidavit as "Silvious," stated that she lived at the 228 South Royal residence from approximately August through October of 2018, and visited the residence several times after that. (*Id.* ¶ 6.) Silvious stated that Rush was a daily user of marijuana for as long as she can remember. (*Id.*) Silvious explained that Rush used methamphetamine for the first time on his birthday, September 23, 2018, with Leonard. (*Id.*) Silvious observed Rush using methamphetamine four times over a few days after September 23, 2018, but believed he was using it more often than that because she saw Rush "tweaking" on other occasions—a term for a person being up for several days, with side effects of irritability, agitation, and/or paranoia. (*Id.*)

ATF seized the following items:

| CATS #s | Description |
|---|---|
| (1) 19-ATF-006098 | Stallard/Maverick JS9 Pistol CAL:9 SN:024548 |
| (2) 19-ATF-006110 | 8 Rounds Federal Ammunition CAL:9 |
| (3) 19-ATF-006111 | Savage Mark II Rifle CAL:22 SN:0023223 |
| (4) 19-ATF-006113 | 5 Rounds Remington Ammunition CAL:22 |
| (5) 19-ATF-006114 | Henry Repeating Rifle Company H004 Golden Boy LE Rifle CAL:2 |
| (6) 19-ATF-006117 | 188 Rounds Assorted Ammunition CAL:Multi |
| (7) 19-ATF-006119 | 3 Rounds Winchester-Western Ammunition CAL:30-06 |
| (8) 19-ATF-006121 | Savage 111 Rifle CAL:30-06 SN:F997060 |
| (9) 19-ATF-008175 | 11 Rounds Federal Ammunition CAL:22 |
| (10) 19-ATF-008176 | Winchester 94 Rifle CAL:45 SN:5464503 |

In his *pro se* answer, Rush asserts that two of the firearms were gifts from his grandfather and one of the firearms was a gift from his parents. Rush asks that the rifles along with the miscellaneous ammunition be returned to his grandfather.

II. ANALYSIS

The government brings this forfeiture action pursuant to 18 U.S.C. § 924(d)(1), for violations of 18 U.S.C. § 922(g)(3). The latter statutory provision makes it a federal crime for any person who "is an unlawful user of or addicted to any controlled substance . . . to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce." 18 U.S.C. § 922(g)(3). The former provides that "[a]ny firearm or ammunition involved in or used in any knowing violation of [§ 922(g)] shall be subject to seizure and forfeiture." 18 U.S.C. § 924(d)(1). Section 924(d) is civil in nature and forfeiture is warranted if

the government shows by a preponderance of the evidence that the firearm or ammunition was involved in one of the offenses listed in § 924(d) (such as § 922(g)(3)). *See United States v. Jones*, Case No. 18-CR-0128-001-CVE, 2019 WL 490349, at *2 (N.D. Okla. 2019) (citing *United States v. Japanese Rifle*, 571 F. Supp. 2d 685, 691 (E.D. Va. 2008)).

The proceedings herein are governed by Supplemental Rules for Certain Admiralty and Maritime Claims (the Supplemental Rule(s)). *See* 18 U.S.C. § 983(a)(4)(A) (stating that in "any case in which the Government files in the appropriate United States district court a complaint for forfeiture of property, any person claiming an interest in the seized property may file a claim . . . in the manner set forth in the Supplemental Rules for Certain Admiralty and Maritime Claims"). Supplemental Rule G(5) provides that a person asserting an interest in the defendant property "may contest the forfeiture by filing a claim in the court where the action is pending." Supplemental Rule G(5)(a)(i). The rule also provides that a claimant "must serve and file an answer to the complaint or a motion under Rule 12 within 21 days after filing the claim. A claimant waives an objection to in rem jurisdiction or to venue if the objection is not made by motion or stated in the answer." Supplemental Rule G(5)(b). A claimant who fails to comply with these rules lacks statutory standing to assert a claim. *United States v. $18,690.00 in U.S. Currency*, Civil Action No. 5:13cv00026, 2014 WL 1379914, at *2 (W.D. Va. Apr. 8, 2014).

The government moves to strike Rush's answer. *See* Supplemental Rule G(8)(c)(i)(A) (Motion to Strike a Claim or Answer). Because Supplemental Rule G(5)(b) does not specify the form of the answer, the proper form is governed by the Federal Rules of Civil Procedure. *See* Supplemental Rules A(2) ("The Federal Rules of Civil Procedure also apply to the foregoing proceedings except to the extent that they are inconsistent with these Supplemental Rules."); Supplemental Rule G(1). Rule 8(b) of the Federal Rules of Civil Procedure provides that in responding to a pleading, a party must (A) state in short and plain terms its defenses to each claim

4

asserted against it; and (B) admit or deny the allegations asserted against it by an opposing party. Fed. R. Civ. P. 8(b)(1)(A), (B). Moreover, a denial "must fairly respond to the substance of the allegation," Fed. R. Civ. P. 8(b)(2), and a "party that lacks knowledge or information sufficient to form a belief about the truth of an allegation must so state, and the statement has the effect of a denial," Fed. R. Civ. P. 8(b)(5).

Rush's answer contains assertions as to why the government should not be allowed to forfeit the property seized from his apartment, but it does not admit or deny the allegations asserted in the numbered allegations of the complaint or the Bockmann affidavit. Thus, the government is left to "guess at which allegations in [the] complaint are undisputed or irrelevant to a particular claimant and which will have to be proven by a preponderance of the evidence." *United States v. All Assets Held at Bank Julius Baer & Co., Ltd.*, No. 04-0798, 2009 WL 3358965, at *4 (D.D.C. Oct. 20, 2009). This is counter to the purpose of Rule 8's answer requirements, which serve to "apprise the opponent of those allegations in the complaint that stand admitted and will not be in issue at trial and those that are contested and will require proof to be established and enable the plaintiff to prevail." *Id.* (citing 5 Wright & Miller, Fed. Practice & Procedure § 1261 (3d ed. 2004)).

Courts generally expect claimants to adhere strictly to the Supplemental Rules. *See United States v. Borromeao*, 945 F.2d 750, 752 (4th Cir. 1991). In some circumstances, however, especially where claimants are proceeding *pro se*, courts may excuse some minor procedural failing so long as the "underlying goals" of the Supplemental Rules "are not frustrated." *United States v. Funds From Prudential Sec.*, 300 F. Supp. 2d 99, 104 (D.D.C. 2004) (collecting cases). Here, the court will not excuse Rush's failure to file a proper answer to the *in rem* complaint; the answer will be stricken. The court will, however, grant leave to file an amended answer. *See* Fed. R. Civ. P. 15(a)(2) (stating that the court "should freely give leave [to amend] when justice so requires"); *Blue Marine Shipping SA de CV v. Gulmar Offshore Middle E. LLC*, No. 3:09cv555/MCR/MD, 2010

WL 1687737, at *4 (N.D. Fla. Apr. 26, 2010) (applying Rule 15 to action governed by the Supplemental Rules).  As set forth in the foregoing opinion, the amended answer must comply with Rule 8(b) of the Federal Rules of Civil Procedure.

III.  CONCLUSION

For the foregoing reasons, it is HEREBY ORDERED that the government's motion to strike (Dkt. No. 7) is GRANTED.  The *pro se* answer (Dkt. No. 5) is STRICKEN from the docket.

It is FURTHER ORDERED that claimant Rush may file an amended answer within fourteen days of the date of this Memorandum Opinion and Order.

Entered: October 22, 2019.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge